UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22015-CIV-UNGARO

IN RE: WEST CARIBBEAN AIRWAYS
CREW MEMBERS
                                                      /

**ORDER GRANTING NEWVAC's CORP.'S MOTION TO DISMISS**

This CAUSE is before the Court pursuant to Defendant Newvac Corp.'s ("Newvac") Motion to Dismiss Count XV of Plaintiffs' Consolidated Third Amended Complaint for Damages.  (D.E. 151.)  Plaintiffs responded to the motion and Newvac submitted a reply. (D.E. 179, 183.)  The matter is ripe for adjudication.  The Court has considered the motion and is otherwise fully informed in the premises.

**LEGAL STANDARD**

When considering a motion to dismiss, the Court must consider the allegations contained in the plaintiff's complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir.1994). While a complaint does not need to set forth detailed factual allegations to survive a ;891;891motion to ;893;893dismiss, the factual allegations "must be enough to raise a right to relief above the speculative level" *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. (2007) (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint" *Id.* at 1969.  However, "a wholly conclusory statement of claim" cannot survive a Rule 12(b) (6) a motion to dismiss absent a showing of facts consistent with the allegations in the complaint. *Id.*  The mere "possibility that a plaintiff might later establish some 'set of

1

[undisclosed] facts' to support recovery" is not enough to preclude dismissal. *Id.* In practice, to adequately state a claim, "plaintiffs must do more than state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.,* 372 F.3d 1250, 1263 (11th Cir.2004). Moreover, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id.* at 1262-63 (citation and quotation marks omitted).

Having considered the Third Amended Complaint, Newvac's motion, Plaintiffs' response and the parties' exhibits, and taking all inferences from the allegations in Plaintiffs' favor, the Court finds Newvac's motion to dismiss Count XV of the Third Amended Complaint must be denied. Accordingly, it is hereby,

ORDERED AND ADJUDGED Newvac's motion to dismiss the Amended Complaint is DENIED.

DONE AND ORDERED in Chambers, in Miami, Florida, this 30th day of March, 2009.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record