UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-CV-22015-UNGARO

IN RE: WEST CARIBBEAN CREW
MEMBERS

_____/

## ORDER GRANTING DEFENDANTS MK AVIATION, USA, INC.'S AND MK LEASING USA, LTD'S MOTIONS TO DISMISS

THIS CAUSE is before the Court upon Defendant MK Aviation, USA, Inc.'s Motion to

Dismiss the Consolidated Third Amended Complaint and Notice of Adoption, filed May 5, 2008

(D.E. 160) and Defendant MK Leasing USA, Ltd.'s Motion to Dismiss the Consolidated Third

Amended Complaint, filed June 6, 2008 (D.E. 178.)  Plaintiffs filed responses in opposition on

November 14, 2008 (D.E. 274 and 275.)  MK Defendants filed a joint reply to Plaintiffs'

response on November 24, 2008.  (D.E. 288.)  The matter is ripe for adjudication.  The Court has

considered Motions and is otherwise fully informed in the premises.

By way of background, this action arises out of the crash of West Carribean Airways

("WCA") Flight No. 708 on August 16, 2005.  (Am. Compl. ¶¶ 68-78.)  Plaintiffs, personal

representatives of deceased crew members of WCA, seek damages from, among others, MK

Aviation, USA, Inc. ("MK Aviation") and MK Leasing USA, Ltd. ("MK Leasing," together with

MK Aviation, the "MK Defendants") as an alleged owner or lessor of the subject aircraft.  (Am.

Compl. ¶¶ 4-10, 170-178.)[1]  The MK Defendants have filed the instant Motions, arguing that (i)

---

[1]  The evidence in the record to date suggests that Wilmington Trust Company or Pacific
Harbor Company ("PHC") sold the subject aircraft to MK Aviation, S.A., which then sold the
aircraft to an affiliate, Dynamics, Inc., which then leased the aircraft to an entity which may or

this Court lacks personal jurisdiction over them, (ii) the Third Amended Complaint ("Complaint") fails to state a valid claim, (iii) the Complaint names the wrong defendant, and (iv) *forum non conveniens*. (*See* D.E. 160, D.E. 178.) For the reasons stated fully below, the Court finds that it lacks personal jurisdiction over the MK Defendants and, thus, grants the MK Defendants' Motions to Dismiss.

## LEGAL STANDARD

A non-resident defendant that contests personal jurisdiction in Florida (or elsewhere) may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). In deciding such a motion, the court is required to engage in a two-part analysis. *Mutual Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). First, the court must determine whether the Florida long-arm statute provides a basis for personal jurisdiction. *Id.* (citation omitted). Second, the court must determine whether sufficient minimum contacts exist between the defendant and the forum state so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment. *Id.* (citation and quotations omitted)

In this case, Plaintiffs contend that the MK Defendants are subject to the general jurisdiction of the Florida courts pursuant to Florida's long-arm statute because they engage in "substantial and not isolated activity within the State." *See* Fla. Stat. § 48.193(2).[2] The Eleventh

_____

not be related to MK Aviation, S.A. or its owner, Fullmark, which then leased it to WCA.

[2] *48.193. Acts subjecting person to jurisdiction of courts of state*
***
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
Fla. Stat. § 48.193(2).

2

Circuit has made clear that "Florida's long-arm statute is to be strictly construed" and that "the plaintiff bears the burden of proving personal jurisdiction." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (citing *Jet Charter Serv., Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990); *Oriental Imports & Exports, Inc., v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 891 (11th Cir. 1983)).  The reach of the Florida long-arm is a question of Florida law; thus, the Court must construe it as would the Florida Supreme Court.  *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citation omitted); *Aspsoft, Inc. v. WebClay*, 983 So. 2d 761, 765 (Fla. 5th DCA 2008).

Evidentiary hearings on the issue of personal jurisdiction are at the discretion of the court. *See, Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1317 (11th Cir. 2006).  When the court chooses not to conduct an evidentiary hearing on a motion to dismiss for lack of jurisdiction, the plaintiff must establish a prima facie case of personal jurisdiction over the non-resident defendant.  *Id.* (citation omitted); *Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir. 1988) (citations omitted).  A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict.  *Snow*, 450 F.2d at 1317 (citation omitted).  "The Court must accept the facts as alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Madara*, 916 F.2d at 1514 (citation omitted).  If the plaintiff's jurisdictional facts are controverted by the defendant's affidavits, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction[,] unless those affidavits contain only a conclusory assertion that the defendant is not subject to jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) (citation omitted).  Where, however, the

plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the district

court must construe all reasonable inferences in favor of the plaintiff.  *Id.* (citation omitted)

## ALLEGATIONS AND JURISDICTIONAL FACTS

The relevant jurisdictional allegations in the Third Amended Complaint are as follows:

MK Aviation is a corporation organized under the laws of Nevada, while Defendant MK Leasing

is a corporation organized under the laws of Texas.  (Am. Compl. ¶¶ 28, 29.)  Both corporations

allegedly are dissolved, but when active were owned and controlled by Mordechal Kraselnick

("Kraselnick").  (Am. Compl. ¶¶ 29, 31.)  Plaintiffs allege Kraselnick maintains a residence in

Bal Harbour, Florida and is now the dissolution trustee of both companies.  (Am. Compl. ¶ 31.)

Plaintiffs also claim Kraselnick "has used his Florida residence to solicit and conduct business

for both MK Aviation and MK Leasing in this state and throughout this country."  (Am. Compl.

¶¶ 30.)  Moreover, Plaintiffs allege that Kraselnick has continuously conducted these activities

since well before the crash of the subject aircraft.  (Id.)

In support of its motion to dismiss, the Defendant MK Leasing has submitted

Kraselnick's affidavit.  (*See* D.E. 178-2, "Kraselnick Leasing Affidavit.")  Defendant MK

Aviation has submitted the transcript of Kraselnick's March 19, 2008, deposition, as well as

another Kraselnick affidavit submitted with Defendant MK Aviation's earlier filed Motion to

Dismiss, which was mooted by Plaintiffs' Third Consolidated Amended Complaint.  (*See* D.E.

120-2, "Kraselnick Aviation Affidavit,"); (*See* D.E. 160-2, "March 19, 2008 Deposition

Transcript.")  The sum and substance of the affidavits and the deposition testimony is that neither

company has ever had a physical presence in Florida, conducted any business in Florida directly

or through agents, owned any property in Florida, maintained any bank accounts in Florida, or

otherwise availed itself of the privilege of doing business in Florida. (Kraselnick Aviation Aff. ¶ 4; Kraselnic Leasing Aff. ¶ 5.); (D.E. 160-2, Dep. Tr. at 67-69.)

In response, Plaintiffs point out that MK Aviation S.A., which is not a party to this action, is the parent of its wholly owned subsidiary, Defendant MK Aviation, USA, Inc. (D.E. 275 at 5.) Plaintiffs assert that Defendant MK Leasing is a limited partnership which is owned 99.9% by its limited partner, Defendant MK Aviation, USA, Inc. and yet another corporation which is not a party to this case, MK II, LLC, a Nevada limited liability corporation. (D.E. 275 at 5.) Plaintiffs contend that the purpose of this corporate structure is to avoid substantial withholding of taxes that otherwise would be imposed on aircraft leasing transactions engaged in by MK Aviation, S.A., because Panama is a prohibited tax haven. (D.E. 275 at 6.) Therefore, Plaintiffs allege that MK Defendants were formed solely to allow MK Aviation, S.A., to take advantage of accelerated depreciation under U.S. accounting rules. (D.E 275 at 7.) MK Aviation, S.A., the non-party, has conceded in unrelated litigation that it conducts some business in Florida. (D.E. 275, Ex. H at ¶ 3.) Plaintiffs also point out that Kraselnick testified in his deposition that he frequently travels to Florida, owns a residence in Florida, and conducts some business from his residence relating to MK Aviation, S.A. (D.E. 275 at 11-13.)

## **LEGAL ANALYSIS**

### *1. Jurisdiction Pursuant to Alter Ego or Agency Theory*

As an initial matter, the Court notes Plaintiffs do not dispute that it was MK Aviation, S.A., as opposed to either of the MK Defendants, that purchased the subject aircraft from Pacific

Harbor Company.[3]  (D.E. 160 at 2-7; D.E. 178 at 1-4; D.E. 275 at 4.)  It also appears uncontested

that the MK Defendants have no offices, agents, employees, or bank accounts in Florida and are

not registered to do business in Florida.  (Kraselnick Aviation Aff. ¶ 4; Kraselnic Leasing Aff. ¶

5.); (D.E. 275 at 7.)  In addition, there is no allegation in the Complaint and the evidentiary

record does not show that the MK Defendants conducted business in Florida as MK Aviation,

S.A.'s agent or as its alter ego.  Given that Florida's long-arm statute is to be strictly construed,

*Musicker v. Projectavision*, *Inc.*, 960 F.Supp. 292, 294 (S.D. Fla. 1997) (citation omitted), the

Court cannot find from the Complaint or the evidence submitted by the parties that the MK

Defendants are "engaged in substantial and not isolated activity within this state" pursuant to Fla.

Stat. § 48.193(2).

> The Court acknowledges the Plaintiffs' contention that the MK Defendants and MK

Aviation, S.A., share an identical owner, that Kraselnick likely directs the activities of all of the

MK entities and affiliates from wherever he may be located, and that the MK Defendants have no

offices, employees, or operations in their respective states of incorporation or elsewhere outside

of Florida.  (D.E. 275 at 12.)  However, the Court does not agree with Plaintiffs' argument that

the corporate form of the MK Defendants should be disregarded, and that the purported business

activities MK Aviation, S.A. conducted in Florida should be imputed MK Defendants for

personal jurisdiction purposes based on these facts.  (D.E. 275 at 11-13.)  There is simply no

merit to this argument and the cases Plaintiffs cite do not support this position.  In *Meier*, the

Eleventh Circuit held that a foreign parent company can be sued in a particular jurisdiction

---

[3]  Pacific Harbor Company (PHC) is a co-defendant in the instant action.  Plaintiffs allege
that PHC sold the subject aircraft to Defendant MK Aviation in January 2005.

through its domestic subsidiary if facts sufficiently show that the subsidiary company holds itself

out as an agent of the parent company in that location.  288 F.3d at 1274.  However, in the

present case, Plaintiffs seemingly argue for an inverse application of *Meier*'s holding.

Particularly, Plaintiffs claim that the business activities of MK Aviation, S.A., (the parent

company) conducted in Florida should be imputed to the MK Defendants (the purported agents).

(D.E. 275 at 11-13.)  Neither *Meier*, nor the other cases Plaintiffs cite in their response hold that

a district court can exercise jurisdiction over a non-resident subsidiary company based on the

local activities conducted by the non-resident parent company, and the Courts declines to reach

such a conclusion.[4]

### 2.  *Kraselnick as Defendants' Agent in Florida*

Plaintiffs second argument is that this Court should conclude from the evidence that the

MK Defendants are conducting business in Florida through their agent, Kraselnick.  (D.E. 275 at

13-15.)  Plaintiffs argue that because Kraselnick's activities from his South Florida condominium

are the only activities carried out on behalf of the MK Defendants anywhere, they are more

substantial than any other activities conducted anywhere else and therefore must be sufficient to

confer personal jurisdiction over them pursuant to Fla. Stat. § 48.193(2).  (Id.)  This contention is

supported neither by the evidence nor the law.  First, Fla. Stat. § 48.193(2) states that "[a]

---

[4]  The Court is somewhat puzzled by Plaintiffs efforts to pursue these subsidiary
corporations as opposed to MK Aviation, S.A, when there is no evidence that has been developed
that these subsidiaries do business in Florida or have any significant assets anywhere, but there is
evidence that MK Aviation, S.A., the parent, does business in Florida and is a viable entity.

Also, the Court is concerned that Plaintiffs are attempting to have this Court somehow
exercise jurisdiction over the parent (MK Aviation, S.A.) through its subsidiaries (the MK
Defendants), when the parent has not been named or served in the lawsuit and has not been given
the opportunity to appear and defend – which, of course, would raise substantial due process
concerns.

defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Therefore, regardless of whether the sole activities of a defendant corporation are in Florida, they are not subject to personal jurisdiction unless those activities are substantial, continuous, and systematic. As for the evidence in the record, Kraselnick did not testify in his deposition nor did he concede in his affidavits that he has conducted any business for either of the Defendant corporations from his Florida condominium. Moreover, the Court finds the fact that Kraselnick on occasion received Defendant MK Leasing's bank statements and that he may have made or received sporadic telephone calls concerning the various entities at his Florida residence are not sufficient to constitute continuous and systematic contacts in Florida by the MK Defendants. (D.E. 160-2, Dep. Tr. at 11-12.) Additionally the fact that Defendant MK Leasing may have maintained a mailbox in Florida does not satisfy the requirements for general jurisdiction under Fla. Stat. § 48.193. (D.E. 275, Ex. A-10.)

3. *Sufficiency of Kraselnick's Affidavit to Shift Burden to Plaintiff*

Plaintiffs contend that the Court should reject Kraselnick's affidavits because they contain nothing but conclusory allegations and are lacking in credibility. In support, Plaintiffs cite to *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1215 (11th Cir. 1999). While *Posner* does stand for the proposition that legal conclusions masquerading as factual statements are insufficient to shift to the plaintiff the burden of producing evidence supporting jurisdiction, the court in *Posner* also stated that it would "consider only those portions of the [affidavit] that set forth specific factual declarations within the affiant's personal knowledge." *Id*. Having

8

reviewed Kraselnick's affidavits, the Court finds that while these affidavits do contain some legal conclusions, they also contain many specific factual declarations within Kraselnick's personal knowledge that support of the legal conclusions that the MK Defendants are not engaged in business in Florida within the scope of the long-arm statute.  (*See, e.g.*, D.E. 120-2 ¶¶ 4-7, 9-13, 15-16, 20-22; 27-29; D.E. 178-2 ¶¶ 4-8, 10-14, 16-17, 20-22, 27-29.)

### 4.  *Kraselnick's Credibility*

As for Plaintiffs' contentions regarding Kraselnick's credibility, the Court finds them wholly unpersuasive, as such alleged inconsistencies either are irrelevant or can be easily reconciled.  First, Plaintiffs argue that Kraselnick has given contradictory testimony regarding whether he does business out of his Florida condominium.  However, the Court finds no inconsistencies here; the fact that Kraselnick asserts in his affidavits that he never conducted business on behalf of MK Leasing or MK Aviation out of his Florida condominium does not conflict with his previous statements admitting that he receives business phone calls at his Florida condominium related to MK Aviation, S.A., because MK Aviation, S.A., and the MK Defendants are separate entities.

Next, Plaintiffs contend that Kraselnick has given inconsistent testimony regarding whether the MK Defendants have offices in the United States, comparing his statements that the MK Defendants do not have any offices anywhere with his statements that the MK Defendants maintain offices outside of Florida.  While these do appear to be minor inconsistencies, the fact remains that the MK Defendants do not have offices in Florida regardless of which statement of Kraselnick's is to be believed.

Plaintiffs then point to MK Aviation, S.A.'s website's reference to MK Leasing as its "U.S. Company" as conflicting with Kraselnick's testimony that, to the best of his knowledge, MK Leasing has neither been referred to as MK Aviation, S.A.'s U.S. Company or U.S. agent. However, this alleged inconsistency is irrelevant, as it does not speak to whether either of the MK Defendants took any actions that could be construed as conducting business in Florida. Moreover, as the deposition testimony indicates, Kraselnick's testimony was qualified, as he answered to the best of his knowledge.(Dep. Tr. At 58-59)  It is entirely possible that Kraselnick was unaware of or had forgotten about the specific language used on MK Aviation, S.A.'s website.

Finally, Plaintiffs argue that Kraselnick has contradicted himself regarding the amount of maintenance and repairs MK Aviation, S.A., performs in Florida and the frequency with which MK Aviation, S.A.'s employees travel to and from Florida for business.  Again, the Court finds that these alleged contradictions are irrelevant, for they do not involve the MK Defendants' business activities in Florida.[5]

Having found that the allegation in the Amended Complaint fails to satisfy the requirements of Fla. Stat. § 48.193, the Court has no need to consider the due process of the personal jurisdiction inquiry or the other arguments raised in MK Defendants' motion to dismiss. Accordingly, it is hereby,

---

[5]   In addition, the Court notes that these seemingly conflicting statements can be reconciled, as Kraselnick's affidavit from the case against Southwest Airlines Co., in the Middle District of Florida was signed in June 2005, while the deposition testimony in this action was taken in October 2008.  The circumstances of MK Aviation's business practices could very well have changed in this three year period such that all of Kraselnick's statements could have been true at the time they were made.

10

ORDERED AND ADJUDGED that Defendants MK Leasing's and MK Aviation's

motions to dismiss Plaintiffs' Amended Complaint (D.E. 160 & 178) are GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida this 31st day of March, 2009.

_____

URSULA UNGARO

UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record

11