07-22015.o3

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-22015-CIV-UNGARO

IN RE: WEST CARIBBEAN CREW MEMBERS

_____/

**ORDER AND NOTICE OF HEARING RE: REQUEST FOR WITHDRAWAL**

This matter is before this Court on Motley Rice Request for Withdrawal from Order... (D.E. 480). The Court has considered the motion, the response, and all pertinent materials in the file.

Rarely, if ever, in the Court's thirty-eight plus years of experience in the Judeo/Legal system has the court seen "so much about so little". Motley Rice does not want to attend mediation at the Podhurst offices. The reasons for same are, to be kind, unclear. This is a mediation - not a trial...the Podhurst employees will not be jurors deciding this matter. Motley Rice can bring an electronics expert to check the "break-out room" Podhurst offers to be used, so as to make sure it isn't bugged.

The Podhurst firm doesn't want to go to Plantation - it is too inconvenient. The Podhurst firm litigates all over the country...indeed all over the world...but Plantation is too inconvenient. Apparently there are no direct flights from Miami to Plantation. Podhurst's position is bolstered, in part, by the allegation that "other interested Parties...have indicated an intent to attend the mediation..." (page 3 of the response). "Edward Montoya, whose work with Motley Rice is the subject of this lien, needs to attend the mediation. Counsel for some of the Defendants involved

...have also indicated that they would attend the mediation...". (Id.) Apparently someone needs to point out that mediation is NOT a public proceeding. See Local Rule 16(g)(2)...and while on the subject of actually citing law, the Court notes that neither party cited any as regards the location of the mediation...probably because it's more a matter of professionalism than adversarial legality.

Support for the lunacy of this matter also comes from the fact that the parties spend as much time arguing over the discovery, if any to be had after the mediation fails than anything else. While the "charm" of Podhurst's "proposed" discovery is downright disarming, the threat underlying same is not lost on this Court. Podhurst counsel would be well advised to note that the U.S. Supreme Court has stated that claims for fees "should not result in a second major litigation." See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). That is still good law and still enforced in the Southern District of Florida.

In any event, the mediation will be held...see infra.

The Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that the above "request" has been set for hearing on **Thursday, December 2nd, 2010, at 11:00 A.M., at the United States District Court, 301 North Miami Ave., Miami, Florida, Tenth Floor.** The parties are required to meet and confer in a good faith effort to resolve some, if not all, of the matters at issue herein.

(a) Thirty (30) minutes has been scheduled for this hearing.

If the attorneys are unable to resolve their differences regarding the terms and conditions of the mediation, the Court will solve them... with little concern for the comfort and/or conveniences of counsel, but only for the comfort/convenience of the agreed upon mediator.

(b) A copy of this notice is to be sent to Mr. Shapiro. He is requested to call the

undersigned in chambers on Monday or Tuesday, November 29/30th, to discuss his availability as to location and scheduling in the event the parties are unable to resolve their differences. He is requested (but not ordered) to be present at the hearing. His charges (portal to portal) for said appearance shall be equally born by both sides to this dispute.

      (c)     All exhibits to be used at this hearing shall be pre-marked and made available to the opposing party at least 48 hours prior to the hearing.

      (d)     All caselaw to be argued at this hearing shall be submitted to opposing counsel (citations or copies of cases) at least 24 hours prior to the hearing, unless already contained in written memoranda previously filed in this case.

      (e)     No supplemental or additional memoranda or other forms of alleged "written aid" to the Court shall be permitted, without prior approval of the Court, other than demonstrative aids for use at the hearing.

      (f)     The parties shall immediately notify this Court of any settlement (of the case or the matters which are the subject of this hearing).

**DONE AND ORDERED** in Chambers at Miami, Florida, this ~~23rd~~ 24TH day of November, 2010.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    Honorable Ursula Ungaro
       Counsel of record